IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KARL RICKMON,

    Plaintiff,

v.

DOUG WILLIAMS; LT. WHITFIELD; and
COI SANDIFER,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-110

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently incarcerated at Autry State Prison in Pelham, Georgia, brings this action under 42 U.S.C. § 1983 to challenge certain conditions of his confinement while at Smith State Prison in Glennville, Georgia. Doc. 1. After the requisite frivolity review under 28 U.S.C. § 1915A, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

### BACKGROUND[1]

Plaintiff, while incarcerated at Smith State Prison, alleges that on or about October 20, 2016, he was working his assigned detail of serving and picking up trays alongside Defendant Sandifer. Doc. 1 at 10. Plaintiff alleges that while serving trays, a fellow inmate (identified by Plaintiff as offender Gordon) told Defendant Sandifer that he was going to "bucker his flap, and

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

pop his door, and go and talk to some of his friends." Id. Plaintiff alleges that Defendant Sandifer responded to this by telling Gordon, "Do what you do." Id.

When Plaintiff and Defendant Sandifer later returned to pick up Gordon's tray, Plaintiff noticed the door flap to Gordon's cell was open. Id. Plaintiff states that Defendant Sandifer picked up Gordon's tray and left the door flap open instead of locking it. Id. Plaintiff also states that he asked Defendant Sandifer if he was going to close Gordon's flap, and Defendant Sandifer responded, "O' well," and continued picking up trays. Id. at 10–11.

After Plaintiff and Defendant Sandifer finished picking up trays, and while Plaintiff was cleaning up in Defendant Sandifer's presence, Defendant Sandifer ran to another room where Defendant Whitfield was, and then both Defendants Sandifer and Whitfield ran outside without giving any specific warning. Plaintiff alleges that Gordon then came into the room with a knife and stabbed Plaintiff as he tried to defend himself with a tray. Id. at 11.

Plaintiff has sued Warden Doug Williams, Defendant Whitfield, and Defendant Sandifer in their official and individual capacities. Id. at 9. Plaintiff alleges Defendant Sandifer displayed deliberate indifference and reckless disregard for Plaintiff's safety by failing to respond to the safety issue brought about by Gordon's statement that he was going to "pop his door" and by later leaving Gordon's cell flap unlocked. Id. at 12. Plaintiff also seeks to hold Defendants Sandifer and Whitfield liable for "fail[ing] to act on a specific warning of danger to the Plaintiff." Id. Plaintiff also alleges liability for being made to work in an unsafe area. Id. He seeks compensatory damages for his physical and mental pain and suffering and other injuries and punitive damages to deter any future conduct by Defendants. Id. at 13.

**STANDARD OF REVIEW**

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court

must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I. Defendant Williams**

Plaintiff has named Defendant Williams, the Warden at Smith State Prison, as a party to this action; however, Plaintiff makes no reference to Defendant Williams in his Complaint other than to name him as a Defendant. See generally Doc. 1. It appears, at most, that Plaintiff is

4

alleging liability against Defendant Williams on the basis of his position as a warden at the prison.

"Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*. A supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between his acts and the constitutional infirmity." Averhart v. Warden, 590 F. App'x 873, 874 (11th Cir. 2014) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)). "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so, or when his customs or policies result in deliberate indifference to constitutional rights." Oliver v. Harden, 587 F. App'x 618, 620 (11th Cir. 2014).

Here, Plaintiff has failed to allege any personal participation by Defendant Williams in the underlying incident or any causal link between any acts of Defendant Williams and the alleged attack on Plaintiff. Even giving Plaintiff's Complaint a liberal construction, the Court can only conclude that Plaintiff fails to state a § 1983 claim against Defendant Williams. Accordingly, I **RECOMMEND** the Court **DISMISS** any claims by Plaintiff against Defendant Williams.

## II.     Claims for Monetary Damages Against Defendants in Their Official Capacities

Plaintiff has brought claims against all three Defendants "in their individual and official capacities," alleging Defendants are all employed at Smith State Prison. Doc. 1 at 9. Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999).

Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as officers at a state penal institution. Accordingly, the Eleventh Amendment immunizes these actors from suit for monetary damages in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendants in their official capacities. Therefore, his § 1983 claims for monetary relief against Defendants in their official capacities should be **DISMISSED.**

### III.  Claims of Deliberate Indifference

"[P]rison officials . . . must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). This includes a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828.

With regard to inmate-on-inmate violence, "[a] prison official's failure to prevent inmate-on-inmate violence may constitute deliberate indifference, if the prison official knew there was a substantial risk of serious harm and then knowingly or recklessly disregarded that risk." Averhart, 590 F. App'x at 875. Prison officials, however, are not held liable for every attack by one inmate upon another, Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990).

"When examining the existence [of] a substantial risk of serious harm, the district court uses an objective standard. There must be a strong likelihood of risk of injury, rather than a mere possibility, before an official's failure to act can constitute an Eight[h] Amendment violation." Johnson v. Boyd, 568 F. App'x 719, 721 (11th Cir. 2014) (citations omitted). Moreover, a plaintiff must allege that the defendant subjectively knew that an inmate faced a substantial risk of serious harm. Id. "An excessive risk of inmate-on-inmate violence creates a substantial risk of serious harm, but occasional, isolated attacks by one prisoner on another may not constitute an Eighth Amendment violation." Oliver, 587 F. App'x at 620.

### A. Claim of Deliberate Indifference Against Defendant Sandifer Related to Inmate Gordon's Statements

In this case, Plaintiff seeks to hold Defendant Sandifer liable under a theory of deliberate indifference for failing to take action in response to Gordon's statement that he was going to "pop his door" and also for failing to lock Gordon's cell flap. Doc. 1 at 10–12. These allegations, without more, fail to state a claim that Defendant Sandifer subjected Plaintiff to what legally constitutes a "substantial risk of serious harm." While Plaintiff indicates that inmate Gordon was kept on Tier I, presumably segregating him from the general population of Smith State Prison, there is no specific allegation that Gordon posed a substantial risk of serious harm to Plaintiff or the rest of the prison population. There is nothing in the Complaint that indicates that if Gordon did leave his cell, he would likely injure other persons. Specifically, there is no allegation that Gordon had a history of violence and no indication that he was behaving erratically, that he had threatened violence, or that he held a grudge against Plaintiff. Without more, Plaintiff fails to state a claim for deliberate indifference.

Further, even if there were some indication that Gordon posed a substantial risk of serious harm, Plaintiff must allege that Defendant Sandifer subjectively knew of this substantial

7

risk of serious harm.  In sum, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Johnson v. Boyd, 568 F. App'x at 721.  Even awareness of an inmate's generally problematic nature does not constitute subjective knowledge of a serious risk of harm.  See Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

In this case, there is nothing to indicate that Defendant Sandifer was subjectively aware of any substantial risk of harm posed by Gordon.  On the contrary, it appears that Defendant Sandifer was unconcerned when Gordon told him he was going to "pop his door, and go and talk to some of his friends," and further he seemed unconcerned when Gordon's flap was left unlocked.[2]  Doc. 1 at 10–11.  Plaintiff's allegations do not demonstrate that, even if Gordon made these statements and Defendant Sandifer heard them, Defendant Sandifer would have any reason to believe Gordon intended to harm Plaintiff.  Without factual allegations to illustrate that Defendant Sandifer subjectively knew that Gordon constituted a substantial risk of serious harm, Plaintiff fails to state a claim against Defendant Sandifer.  Plaintiff's allegations against Defendant Sandifer simply do not rise to the level of an Eighth Amendment violation.  Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim of deliberate indifference against Defendant Sandifer.

---

[2]   In the context of Plaintiff's allegations, Defendant Sandifer's failure to lock Gordon's flap may have, at most, constituted negligence, but not deliberate indifference.  See Patton v. Corr. Officer Rowell, No. 5:15-cv-25, 2015 WL 9916161, at *5 (S.D. Ga. Dec. 16, 2015) ("[W]hile Defendants' violations of standard operating procedures and failure to check to be certain that all cells were locked may constitute *negligence*, they do not support deliberate indifference claims under the Eighth Amendment.") (emphasis added); cf. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("The law of this circuit 'clearly establishes' that . . . total failure to monitor a known violent inmate housed in . . . a housing unit for mentally ill inmates, constitutes unconstitutional deliberate indifference.").

### B. Claim of Deliberate Indifference Against Defendants Sandifer and Whitfield Related to Inmate Gordon Wielding a Knife

Plaintiff also seeks to hold Defendants Sandifer and Whitfield liable for "fail[ing] to act on a specific warning of danger to the Plaintiff." Doc. 1 at 12. It is not clear from the Complaint whether this is an attempt to bring an Eighth Amendment claim of deliberate indifference; however, to the extent that Plaintiff is alleging an Eighth Amendment claim, he fails to state such a claim.

In stating a claim of deliberate indifference under the Eighth Amendment, not only does a plaintiff need to allege that a defendant was subjectively aware of a substantial risk of serious harm, a plaintiff must also allege that the "defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner." See Johnson v. Boyd, 568 F. App'x at 721. As described in Plaintiff's Complaint, Defendants' alleged failure to act occurred while they were running from a knife-wielding prisoner. Doc. 1 at 11. There is nothing indicating that Defendants' response to the threat posed by Gordon was objectively unreasonable. The allegations of the Complaint imply that Defendants Sandifer and Whitfield were themselves trying to avoid being stabbed by Gordon, and Plaintiff has not pointed to any facts showing that he was under any greater danger tha Defendants. Accordingly, based on the allegations of the Complaint, Defendants Sandifer and Whitfield's response of running away from Gordon, as opposed to focusing on protecting Plaintiff, was objectively reasonable. See, e.g., Winfield v. Bass, 106 F.3d 525, 532–33 (4th Cir. 1997) (finding no duty for correctional officers to intervene immediately in fight between inmates when one had dangerous weapon); Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir. 1995) ("[P]rison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place guards in danger of physical harm."); Mackay v. Farnsworth, 48 F.3d 491, 493 (10th Cir. 1995) (finding no

9

deliberate indifference where officers responded to situation by attempting to defuse the situation verbally as opposed to physically intervening immediately); Arnold v. Jones, 891 F.2d 1370, 1372 (8th Cir. 1989) ("[U]narmed prison officials have no duty *as a matter of law* to physically intervene in a prison fight which may cause them serious injury or worsen the situation."). In sum, "heroic measures are not constitutionally required." Winfield, 106 F.3d at 532.

Even if the Court were to construe Plaintiff's Complaint as alleging that Defendants at a minimum had a duty to warn him of the impending danger, the Court finds this is not enough to state a constitutional violation. To constitute cruel and unusual punishment under the Eighth Amendment, the conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Whitley v. Albers, 475 U.S. 312, 319 (1986). Defendants' alleged actions of failing to warn or otherwise protect Plaintiff as they themselves were fleeing from Gordon simply do not rise to the level of obduracy and wantonness required by the Eighth Amendment.

For the reasons outlined above, Plaintiff's allegations against Defendants Sandifer and Whitfield fail to state a claim of deliberate indifference. Accordingly, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claim against Defendants Sandifer and Williams for "fail[ure] to act on a specific warning of danger."

**IV.    Unsafe Workplace Conditions Claim**

Plaintiff's allegations also, arguably, suggest a potential unsafe workplace conditions claim based on harm he allegedly suffered during the course of his prison detail. Prison work

10

assignments are considered conditions of confinement which may be subject to scrutiny under the Eighth Amendment. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). To establish an Eighth Amendment violation based on prison workplace safety, a plaintiff must show deliberate indifference. Id. at 1373–74. The Eleventh Circuit has determined that, in order to satisfy the deliberate indifference standard in a prison workplace safety claim, "there must be more than a mere possibility of serious harm; instead, there must be a strong likelihood." Turner v. Burnside, 444 F. App'x 394, 396 (11th Cir. 2011) (prisoner unable to prevail on Eighth Amendment claim of unsafe working conditions after he was severely shocked by prison oven because insufficient evidence prison officials were aware prison oven posed substantial risk). In the work assignment or workplace safety context, prison officials are deliberately indifferent when they "knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." Ray v. Mabry, 556 F.2d 881, 882 (8th Cir. 1977).

In this case, there is no allegation that Plaintiff's work was particularly risky other than the fact that it was on Tier I, which Plaintiff labeled as "unsafe housing." Doc. 1 at 12. Plaintiff's assigned work as an orderly on Tier I appears to have consisted mostly of serving, picking up, and cleaning the food trays of the prisoners. Id. at 10–12. The Court finds this work in itself is not particularly strenuous or dangerous, nor has Plaintiff alleged such.

Moreover, Plaintiff cannot prevail on his Eighth Amendment working conditions claim merely by labeling his workplace "unsafe." A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Specifically, Plaintiff has failed to allege any prior examples of violence on Tier I or anything about the conditions on Tier I that would indicate an inmate faced

11

a "strong likelihood" of serious harm by working there, nor has he alleged anything that would indicate the Defendants were subjectively aware of any such risk. See Johnson v. Boyd, 568 F. App'x at 721 (determining plaintiff failed to state Eighth Amendment claim because "[n]owhere does the complaint allege, nor can it be plausibly inferred, that the defendants subjectively foresaw or knew of a substantial risk of injury posed by [attacker]"). Rather, the Court, in this case, is left with the impression that the attack on Plaintiff was an isolated incident. See Oliver, 587 F. App'x at 620 ("[O]ccasional, isolated attacks by one prisoner on another may not constitute an Eighth Amendment violation.").

In order to prevail on his working conditions claim, Plaintiff must allege that the prison officials, by assigning him to work on Tier I, were subjectively aware that there was a strong likelihood that serious harm would be inflicted on Plaintiff. As he has failed to do this, I **RECOMMEND** the Court **DISMISS** Plaintiff's § 1983 claim based on his alleged unsafe prison workplace conditions.

## V.     State Law Claims

To the extent Plaintiff is alleging any state law claims in his Complaint,[3] the Court recommends dismissal of such claims. The Court acknowledges that district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Nevertheless, when a court "has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). Accordingly, to the extent Plaintiff is alleging any state law claims, I **RECOMMEND** the Court

---

[3]     Plaintiff does not outright label any of his claims as state law claims or cite to any provisions of state law; however, he does request the Court to "[a]ssume jurisdiction over this action, including Plaintiff's State Law Claims pursuant to 28 U.S.C. 1367." Doc. 1 at 13.

**DISMISS** such state law claims as all of Plaintiff's federal law claims have been recommended for dismissal.

## VI.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[4]     A certificate of appealability is not required in this § 1983 action.

**CONCLUSION**

For the reasons laid out above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a

District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of August, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA